UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL ADESZKO, ) | |
| ) | |
| Plaintiff, ) | Case No. 05 C 4589 |
| ) | |
| v. ) | JUDGE ROBERT M. DOW |
| ) | |
| SGT. DEGNAN, OFFICER LARSEN #08, ) | Magistrate Judge Brown |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR PROPOSED SPECIAL INTERROGATORIES

NOW COME the defendants, by and through their counsel of record, QUERREY & HARROW, LTD., and in compliance with the request made by this Honorable Court at the Final Pretrial conference of May 19, 2008 and hereby submit the following Memorandum in Support of their Special Interrogatories. In support thereof, Defendants state as follows:

In *Rakovich v. Wade*, the question of qualified immunity arose. 850 F 2d 1180, 1202 (7th Cir. 1988). There the court expressed that the "jury's role does not extend to the determination of immunity because the issues of qualified immunity is a legal question for the trial court; not the jury." *Id.* However, the court following a previously established rule of law stated that "in the unusual circumstance where an immunity inquiry remains unresolved at the time that the case goes to the jury the district Court may consider the use of special interrogatories to allow the jury to resolve disputed facts which the Court can then use as a basis for an immunity analysis as a matter of law." *Id*; Fed R. Civ. P. 12.

Similarly, in *Gros v. Port Washington Police Dist. Commission*, the Court found that unresolved factual questions bearing on qualified immunity should be decided by the jury on special interrogatories. 944 F. Supp. 1072, 1084 (E.D. N.Y. 1996). Stating that it is "entirely

proper" for the district court to submit disputed factual questions to the jury and reserve for itself the ultimate legal question of the availability of the qualified immunity defense. *Id.*

Even further, the Court in *McNair v. Coffey*, during its evaluation of the verdict forms and interrogatories to be used in qualified immunity type cases stated that "in cases of this nature, defense counsel is responsible for timely preparing and presenting proper interrogatories for the trial judge to submit to the jury. 279 F. 3d 463, 476 (7th Cir. 2002). In McNair, the Court took notice of defense counsel's failure to take such action and stated that counsel took the "easy but fatal way out" and that "defense counsel's unorthodox strategy prejudiced their client." *Id.* Fed. R. Civ. P. 49(b).

Certainly, the Court's reasoning from *Rakovich, Gros*, and *McNair* as mentioned above applies to the facts in our case before this Honorable Court. Qualified immunity in this case turns on issues of fact. The jury may believe that Degnan used a wrist lock to take plaintiff to the ground, as he says he did, or it may believe plaintiff that Degnan slammed her against a wall and that he (or Larsen) then knelt on her. If the jury believes Degnan, it may still find that the use of the wrist lock was excessive under the circumstances. However, even if that was the case, defendants may still be entitled to qualified immunity because a reasonable office may not have known that the conduct was unlawful under that circumstance. It is precisely because there is a disputed issue of fact on this issue that a special interrogatory concerning qualified immunity is called for. 7th Cir. Pattern Instruction 7.18.

                                                Respectfully Submitted,

                                        By  s/ Paul Rettberg
                                        Attorneys for Defendants

Paul A. Rettberg
Querrey & Harrow, Ltd.
175 West Jackson Blvd., Suite 1600
Chicago, Illinois 60604
(312) 540-7000

Document #: 1331773

3